UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-42 -JEM |
| | ) | |
| $89,866.18, *et al*., | ) | |
|     Defendants, | ) | |
| | ) | |
| NORTHWEST AMBULANCE | ) | |
| SERVICE, INC., and UBANWA, LLC, | ) | |
|     Claimants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Release of Untainted Funds to Pay Attorneys' Fees [DE 43], filed by Claimants on November 2, 2020. Claimants request that the Court release a portion of the funds currently held in this civil forfeiture action to pay attorney fees in the related criminal action.

**I.     Background**

On February 3, 2016, the Government filed a complaint for civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) for property seized from accounts held by Northwest Ambulance Services, Inc., and Ubanwa, LLC. In the related criminal case, a grand jury returned a criminal indictment against Basil Ubanwa, owner of Northwest Ambulance Services, Inc., and Ubanwa, LLC, for healthcare fraud. It includes a forfeiture allegation that lists the assets named as *in rem* defendants in the instant civil forfeiture case. Because of the criminal investigation and subsequent Indictment, this case is currently stayed. Claimants now seek a release of funds to pay attorney fees in the related criminal case. On November 30, 2020, the Government filed a response, and Claimants

1

filed a reply on December 14, 2020. On January 7, 2021, the Court held a conference to discuss the Motion at which it ordered additional briefing. On January 19, 2021, the Government filed its supplemental brief. Claimants filed a response on January 29, 2021, and the Government filed a reply on February 10, 2021.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. 636(c).

**II.   Analysis**

Claimants argues that Ubanwa has a Sixth Amendment right to access some of the seized funds in order to pay for counsel of his choice in the related criminal action, since, they assert, not all of the funds were obtained through the alleged fraud. The Government argues that Ubanwa must establish a need for funds to pay counsel before any determination can be made as to whether there are untainted funds.

When a defendant's assets have been seized or frozen and "the district court finds that the defendant has insufficient alternative assets with which to pay counsel" then the court must hold an "adversary hearing at which the government is required to prove the likelihood that the restrained assets are subject to forfeiture." *United States v. Jones*, 844 F.3d 636, 640-41 (7th Cir. 2016). If it finds that not all assets are subject to forfeiture, "then the court must order the release of funds in an amount necessary to pay reasonable attorneys' fees for counsel of sufficient skill and experience to handle the particular case." *Id*. (quoting *United States v. Moya–Gomez*, 860 F.2d 706, 731 (7th Cir. 1988)). The first step is for the defendant to "present[] a bona fide need to utilize assets subject to the restraining order to conduct his defense," and "if the district court finds that

the defendant does not have other assets from which such payments can be made" then it will hold a hearing regarding the assets. *Moya-Gomez*, 860 F.2d at 730; *see also United States v. Kirschenbaum*, 156 F.3d 784, 792 (7th Cir. 1998) ("Mr. Kirschenbaum simply failed to 'show a bona fide need to utilize assets subject to the restraining order to conduct his defense,' and thus failed to show his entitlement to a hearing under the rule of [Moya–Gomez].") (quoting *Moya-Gomez*, 860 F.2d at 730).

Claimants assert that Ubanwa is entitled to release of all funds that cannot be traced to the alleged underlying criminal conduct to pay his counsel, and that the release of untainted funds need not be tied to a demonstration of particular need of them after the Supreme Court's decision in *Luis v. United States*, 136 S. Ct. 1083, 1096, 194 L. Ed. 2d 256 (2016). In *Luis*, the Supreme Court held "that the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Luis*, 136 S. Ct. at 1088. However, courts have not interpreted *Luis* to mean that a defendant need no longer show a bona fide need for the funds. *See, e.g.*, *Jones*, 844 F.3d 636, 640, 641 n.1 (reasserting the threshold showings for release of funds and noting that "*Luis* says nothing about timing or burden shifting" and since "[the defendant] has not shown a bona fide need for the restrained assets" the failure to hold a hearing was not error); *United States v. Paronuzzi*, No. 4:17CR111, 2018 WL 1938463, at *2 (E.D. Va. Apr. 24, 2018) ("Defendant has cited no passage in *Luis* demonstrating that the threshold showings necessary under *Farmer* are no longer required, nor has she cited any other authority subsequent to *Luis* showing that the threshold showings have been abolished. Indeed, as the Government points out, courts post–*Luis* have continued to require the type of threshold showings articulated in *Farmer* before granting a post-seizure probable cause hearing.") (citing *United States v. Farmer*, 274 F.3d

3

800, 803-04 (4th Cir. 2001)) (listing cases); *United States v. Stokes*, No. 114CR290TWTJKL1, 2017 WL 5986231, at *5 (N.D. Ga. Oct. 23, 2017), *report and recommendation adopted*, No. 1:14-CR-290-1-TWT, 2017 WL 5971986 (N.D. Ga. Dec. 1, 2017) ("*Luis* . . . does not change the general rule that to be entitled to a hearing to determine whether seized assets are tainted, the defendant must make a prima facie showing of substantial financial need for those assets."); *United States v. Hernandez-Gonzalez*, No. 16-20669-CR, 2017 WL 2954676, at *4 (S.D. Fla. June 26, 2017), *report and recommendation adopted*, No. 16-20669-CR, 2017 WL 3446815 (S.D. Fla. Aug. 10, 2017) ("To the extent the Defendant relies on *Luis* for the proposition that the Government is mandated to return any frozen assets because of the Sixth Amendment's right to counsel, Defendant's argument misses the mark. There is nothing in *Luis* that imposes that type of per se requirement.").

Beyond a vague assertion of bona fide need and a statement of the amount of fees he currently owes his counsel of choice, Claimants have not established that Ubanwe has no other method of obtaining funds to pay his attorneys in the criminal case. Until a showing is made, the Court need not address the extent to which some of the forfeited funds may be untainted by the alleged fraud charged in the criminal complaint.

### III.   Conclusion

Accordingly, the Court hereby **DENIES** the Motion for Release of Untainted Funds to Pay Attorneys' Fees [DE 43].

SO ORDERED this 21st day of April, 2021.

                                             s/ John E. Martin_____
                                             MAGISTRATE JUDGE JOHN E. MARTIN
                                             UNITED STATES DISTRICT COURT

cc:     All counsel of record